UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN THE MATTER OF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, AS OPERATOR AND OWNER PRO HAC VICE OF THE TOWING VESSEL ST. JOSEPH, *for exoneration from or limitation of liability* | § § § § § § § CIVIL ACTION NO. 2:14-CV-0163 |

## LIMITATION PLAINTIFF'S OPPOSED MOTION TO CONSOLIDATE AND LIFT STAY

Defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette") files this Motion to Consolidate Plaintiff John Bordas's ("Bordas's") subsequently-filed personal injury suit, styled *John Bordas v. Marquette Transportation Company Gulf-Inland, LLC*, Civil Action No. 2:14-cv-424, into this first-filed limitation action, and to lift the Court's stay on litigation in this suit.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Bordas filed suit against Marquette in state court on November 22, 2013, alleging that he injured his back on June 17, 2012, while working for Marquette on the M/V ST JOSEPH. *See* Bordas's State Court Petition at IV ¶¶1-2, attached as Exhibit "A."

Marquette subsequently filed this Limitation of Liability action regarding Bordas's state-court suit. *See* Limitation of Liability Complaint, Dkt. No. 1 (2:14-cv-163). This Court referred the Limitation action to Magistrate Judge Libby who issued an order enjoining prosecution of claims on June 13, 2014. *See* Order Enjoining Prosecution of Claims, Dkt. No. 6 (2:14-cv-163).

After Bordas filed appropriate stipulations in this Court agreeing to limit Marquette's liability, the Court lifted its order restraining Bordas's prosecution of his state-court claim and stayed litigation in this Limitation Action. *See* Court Order Lifting Stay, Dkt. No. 14.

On October 15, 2014, Bordas non-suited his state-court claim without prejudice. *See* Plaintiff's Notice of Non-Suit, attached as Exhibit "B." He has since filed a new action, assigned C.A. No. 2:14-cv-00424 (the "424 Suit") in this Court regarding the same previously filed claim premised on an alleged injury on the M/V ST JOSEPH occurring on or about June 17, 2012.

Because the allegations asserted by Bordas in the 424 Suit are identical to those asserted by Bordas in the claim that he previously filed against Marquette within this Limitation Action, Marquette moves the Court to consolidate the 424 Suit into this first-filed suit, and lift the stay on this suit so that both actions can proceed to their conclusions before the same triers of fact.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 42(a) governs consolidation of actions. The Rule reads as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

A district court has broad discretion when determining whether to consolidate cases before it. *Taylor v. Ocwen Loan Servicing, LLC*, CIV.A. H-12-2929, 2013 WL 3356231 (S.D. Tex. July 3, 2013).

> In weighing consolidation, courts consider whether: the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial.

*Id.*

Bordas's claim against Marquette filed within this Limitation Action and the 424 Suit recently filed in this Court both seek personal-injury damages for an incident allegedly occurring on the ST JOSEPH "on or about June 17, 2012." *See* Bordas's Claim at ¶1, Dkt. No. 8; *see also* Bordas's Complaint at 3, Dkt. No. 2:14-cv-424. Because Bordas's Complaint seeks damages from the same parties arising from the same alleged incident and injury described in his Limitation Action Claim, the newly-filed Complaint should be consolidated into this suit because both suits will rely on identical evidence.

If the cases are not consolidated, Bordas's claim will proceed as two suits within the same court but before two different triers of fact even though both suits will be premised on the same incident. To promote judicial economy, Marquette asks the Court to consolidate Bordas's 424 Suit into this previously-filed Limitation Action.

Also, the Court previously stayed litigation in this suit because Bordas had a pending state-court claim and he stipulated to Marquette's right to seek limitation of liability. *See* Court Order Lifting Stay, Dkt. No. 14. Bordas no longer has a state-court action against Marquette. If the Court consolidates the 424 Suit into this action, this first-filed suit will be the only surviving action regarding Bordas's claim. Accordingly, Marquette requests the Court to lift its stay on litigation in this limitation action so that, for the purposes of judicial economy and the preservation of resources, both actions can proceed to conclusion in a single proceeding.

## III. CONCLUSION

The two pending causes involve parties, alleged injuries, and resulting damages that are all identical. As such, consolidation will conserve judicial and private resources, and provide a just adjudication of these matters for all parties. Marquette requests that this Court enter an order granting its motion to consolidate, ordering that all future filings in Civil Action No. 2:14-cv-424 shall be made in the surviving case, Civil Action No. 2:13-cv-0163, lifting the stay on litigation in the surviving Limitation Action, and granting such other and further relief to which Marquette may show itself justly entitled.

Respectfully submitted,

_____

Marc G. Matthews
Texas Bar No. 24055921
Federal ID No. 705809
marc.matthews@phelps.com
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

**ATTORNEY-IN-CHARGE FOR LIMITATION PLAINTIFF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**

Of Counsel:
**PHELPS DUNBAR LLP**
Evans Martin McLeod, LA Bar No. 24846
mcleodm@phelps.com
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130

J. Tanner Honea
Texas Bar. No. 24087743
Federal ID No. 2137568
tanner.honea@phelps.com
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

PD.12961287.1

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Plaintiff and Limitation Claimant Bordas, and he cannot agree without caveat to the relief sought in this Motion. It is therefore filed as an opposed motion.

_____
Marc G. Matthews

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Limitation Plaintiff's Motion to Consolidate and Lift Stay was filed electronically with the Clerk, with a copy thereof furnished to all known counsel of record electronically by the Clerk or by the undersigned counsel on this the 23rd day of December, 2014, as follows:

R. Blake Brunkenhoefer
Brunkenhoefer Turman, PLLC
500 N. Shoreline Blvd., Suite 1100
Corpus Christi, TX  78401-0354
Telephone:  361-888-6655
Telecopier:  361-888-5855
**Attorneys for Plaintiff**

_____
Marc G. Matthews