United States District Court
Southern District of Texas
**ENTERED**
December 09, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN  BORDAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-163 |
| | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY GULF-INLAND LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL

Pending is Defendant Marquette Transportation Company's Opposed Motion to Compel Production of Plaintiff John Bordas' Social Media Accounts.  (D.E. 66).   The Court has considered the motion, exhibits and applicable law and finds a response from Plaintiff is unnecessary at this time as the motion is **DENIED without prejudice** for the reasons set forth below.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

This case involves John Bordas' maritime personal  injury claims for injuries he sustained while working aboard the *M/V St. Joseph*.  Defendant Marquette seeks the Court to compel Plaintiff to produce a complete, un-redacted and unedited digital copy of Plaintiff's Facebook page and LinkedIn account.  The specific requests are set forth in the

motion which were originally propounded in Marquette's Requests for Production.  (D.E. 66, p. 2).  Plaintiff objected to the requests for production.   According to Marquette, Mr. Bordas has alleged permanent injuries that render him "wholly incapacitated from work." (D.E. 66, p. 5).   In connection with this motion, Marquette has submitted publically accessible portions of Mr. Bordas' Facebook account.  (D.E. 66-2).  In these submissions, which include photographs, Mr. Bordas is standing with the assistance of, or in close proximity to, a walker.   One of the photographs appears to have been taken at an amusement park.  (D.E. 66-2).   In the submitted social media postings, Mr. Bordas references his back surgery, his efforts to walk and traveling to Corpus Christi for job interviews.   Marquette's exhibits are not the type of evidence indicating Mr. Bordas has been caught malingering, faking, or exaggerating his injuries.   The impression left by the submitted portions of Mr. Bordas' social media account is that he is attempting to cope with his injuries, recover from his back surgery and get on with his life.  However, to the extent Mr. Bordas is claiming an inability to work, evidence of his job interviews is relevant to those claims.

The undersigned views Defendant Marquette's request for production of Plaintiff's social media accounts as overly broad and unnecessarily intrusive into the personal and private affairs of Mr. Bordas.   Therefore, Plaintiff's objections to Defendant's Requests for Production are **SUSTAINED** and Defendant Marquette's Motion to Compel is **DENIED without prejudice**.

Defendant Marquette has made a showing that Mr. Bordas' social media accounts may include some discoverable information, especially in regard to his search for

employment. The parties are directed to confer and attempt to resolve this discovery dispute. If the parties are unable to reach a resolution, Defendant Marquette may re-file a motion to compel to which Plaintiff shall file a response within seven days.

ORDERED this 9th day of December, 2015.

Jason B. Libby
United States Magistrate Judge