UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN BORDAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-163 |
| | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY GULF-INLAND LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This case involves a maritime limitation of liability action consolidated with a maritime Jones Act action. (D.E. 18). John Bordas, a seaman allegedly injured on a vessel, has been designated as the Plaintiff. Marquette Transportation Company Gulf-Inland, L.L.C. ("Marquette"), Plaintiff's employer at the time of his injury, has been designated as a Defendant along with the Ingram Barge Company ("Ingram"), the owner of the barge upon which Plaintiff was injured. Plaintiff alleges a Jones Act (46 U.S.C. § 30104, *et seq*) negligence claim against Marquette and a negligence action against Ingram.[1] (D.E. 78). Pending are both Defendants' Motions for Summary Judgment.

---

[1] While Kirby Inland Marine, LP ("Kirby") was originally included as a Defendant, Plaintiff has since amended his complaint and no longer includes Kirby in the pending action. (D.E. 69, Page 3; D.E. 76 and D.E. 78). Further, Plaintiff has abandoned his unseaworthiness claims and his request to amend his complaint to add a claim for maintenance and cure was previously denied. (D.E. 76). Therefore, it is respectfully recommended that any claims in the pending Motions for Summary Judgment against or on behalf of Kirby be **DENIED as moot**. It is further recommended that the Motions for Summary Judgment relating to unseaworthiness and maintenance and cure be **DENIED as moot**.

(D.E. 64 and D.E. 65). For the reasons stated below, it is respectfully recommended both Motions be **DENIED**.

### I. JURISDICTION

The Court has federal question jurisdiction and admiralty jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1333.

### II. BACKGROUND

On June 17, 2012, Plaintiff was employed as a first mate by Defendant Marquette aboard the tug M/V ST. JOSEPH. (D.E. 73-1, Page 4). That day, Plaintiff injured his back while he was on board Defendant Ingram's barge which was in the process of being pushed by Marquette's tug. (D.E. 64, Page 2; D.E. 73-2, Pages 28-29). Plaintiff alleges, while securing a second barge for tow, he attempted to move a winch into position on Ingram's barge that was designed to swivel but it got caught or stuck and he injured his back. (D.E. 73-1, Page 5; D.E. 73-2, Page 5; and D.E. 78, Pages 3-4). Plaintiff has since had three back surgeries, including a lumbar fusion. (D.E. 64, Page 6 and D.E. 65, Page 6).

### III. STANDARD OF REVIEW

Summary judgment is appropriate where the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In reaching its decision, the Court must consider the affidavits, depositions, declarations, stipulations, and other documents presented to the Court in the light most favorable to the non-movant. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The substantive law identifies which facts are material. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Id*.

The movant has the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The moving party bears the burden of identifying those portions of the record he or she believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden then shifts to the non-movant to show the existence of a genuine fact issue for trial. *Id*.; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-97 (1986).

The non-movant cannot merely rest on the allegations of the pleadings or on unsubstantiated, subjective beliefs. *Anderson*, 477 U.S. at 248-49. Plaintiffs must establish there are material, controverted facts precluding summary judgment. *Id*. Additionally, the non-movant's burden is not satisfied by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003)("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.")(citations omitted); *see also Anderson*, 477 U.S. at 249-52. Accordingly, summary judgment must be entered

3 / 10

"against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. Where the non-movant fails to present evidence to support his or her claims, there can be no genuine issue of material fact because of the complete failure of proof on an essential matter for which the non-movant bears the burden of proof renders all other issues immaterial. *Id.* at 323.

## IV. DISCUSSION

### A. *Jones Act Negligence Claim against Marquette*

The Jones Act creates a cause of action for a seaman who is injured in the course of employment due to the negligence of his employer. 46 U.S.C. § 30103. "A seaman is entitled to recovery under the Jones Act, therefore, if his employer's negligence is the cause, in whole or in part, of his injury." *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997). A Jones Act employer is held to the duty of care required under ordinary negligence law. *Id*. at 339. However, "[t]he burden to prove causation in a Jones Act case is 'very light' or 'featherweight.'" *In re Cooper/T. Smith*, 929 F.2d 1073, 1076 (5th Cir. 1991)(citing *Landry v. Two R. Drilling Co.*, 511 F.2d 138, 142 (5th Cir. 1975)). "[A] defendant must bear the responsibility for any negligence, however slight, that played a part in producing the plaintiff's injury." *Id*.

Further, there is a broad duty for a "Jones Act employer…to provide a safe place for the seaman to work." *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989). However, "the employer must have notice and the opportunity to correct an unsafe condition." *Id.* (citing *Perry v. Morgan Guar. Trust Co. of N.Y.*, 528 F.2d 1378,

1379-80 (5th Cir. 1976). In order to find an employer failed to provide a reasonably safe place to work, a plaintiff must produce "evidence from which a jury can infer that the unsafe condition existed and that the owner knew of, or in the exercise of due care, should have known of it." *Perry*, 528 F.2d at 1379.

Here, Marquette moves for summary judgment, arguing it cannot be held liable for Plaintiff's injury because the sole cause of Plaintiff's injuries "was wholly unexpected, undetectable, and was not caused or contributed to by any of Marquette's acts or omissions." (D.E. 64, Page 12). Marquette also argues Plaintiff "was the only person in a position to judge whether the winch was functioning and how much force he could safely apply." (D.E. 64, Page 13). In making these arguments, Marquette relies solely on Plaintiff's testimony that there was adequate crew to perform the operation, Plaintiff inspected the barge beforehand and all equipment appeared normal, nothing indicated the subject winch was defective, and he injured himself when he attempted to move the winch and it did not move or swivel as designed. (D.E. 64, Pages 12-13).

Marquette fails to address the testimony of Captain Phillip Hogan, who was the main captain of Marquette's tug the M/V ST. JOSEPH at the time of the incident. (D.E. 72-2, Page 3; D.E. 72, Pages 4-7). Captain Hogan's testimony regarding the status of swivel winches in the industry, their known hazards, and the condition of the winch in question establishes a material issue of fact as to whether Marquette violated its duty to provide Plaintiff with a safe place to work through its failure to inspect the Ingram barge and its winches. (D.E. 72-2, Pages 7 and 23-25). Further, there is an issue of material fact as to whether Plaintiff actually inspected the winch at issue. (D.E. 72, Pages 4-5).

Additionally, while the cause of the winch improperly functioning is not clear, it is likely that the condition existed prior to and at the time Plaintiff boarded Ingram's barge. "[A]n employer has a duty to inspect third party ships to which it sends its employee to work upon." *Roulston v. Yazoo River Towing, Inc.*, 418 F.Supp.2d 851, 855 (S.D. Miss. 2006). If, by reasonable inspection, Marquette could have discovered the improperly functioning winch, then Marquette can be charged with notice of that condition. *Id*.

To the extent that Marquette's motion also seeks summary judgment that Plaintiff's own negligence was the sole cause of his injury, such a claim may demonstrate that Plaintiff's injuries were caused, in least in part, by his own negligence. However, it does not "operate to absolve [Marquette] of all liability in the event that [Marquette] was also negligent" as comparative negligence principles would apply and "it would be left to the jury to decide whether or not and by what quantum [Plaintiff's] own alleged negligence should reduce [Marquette's] liability." *Id*. at 856-57 (citing *Miles v. Melrose*, 882 F.2d 976, 984 (5th Cir. 1989)(comparative negligence principles apply in Jones Act cases and prevent an "injured party from recovering for the damages sustained as a result of his own fault") and *Gautreaux*, 107 F.3d at 335-39(holding that seaman are held to a standard of ordinary prudence to avoid injury)). Further, Captain Hogan's testimony again creates an issue of material fact. Captain Hogan testified Plaintiff did not do anything wrong in attempting to swivel the winch and testified to the dangers of swivel winches. (D.E. 72-2, Pages 7 and 23-25).[2]

---

[2] In response to a question about whether he saw Plaintiff do anything in attempting to swivel the winch into position that he thought was inappropriate, Captain Hogan responded, "No." And

Accordingly, it is respectfully recommended that Marquette's motion for summary judgment be **DENIED**.

### B.     *General Maritime Negligence Claim against Ingram*

The standard for negligence under general maritime law is higher than a negligence claim under the Jones Act.  *In re Cooper/T. Smith*, 929 F.2d at 1077.  To state a claim for relief, a plaintiff must demonstrate that: (1) the defendant owed a duty; (2) the defendant breached that duty; (3) the plaintiff sustained damages; and (4) a causal connection between defendant's conduct and the plaintiff's injuries.  *Id*.  Furthermore, the harm must be reasonably foreseeable.  *Id*. (citation omitted).  Whether a defendant owes a plaintiff a legal duty is a question of law for the court. *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000)(citation omitted).  "The circumstances of the danger and the defendant's knowledge of the risk determine the required degree of care." *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)(citation omitted). "[H]arm [is] a foreseeable consequence of an act or omission if harm of a general sort to persons of a general class might have been anticipated by a reasonably thoughtful person, as a probable result of the act or omission, considering the interplay of natural forces and likely human intervention." *Canal Barge*, 220 F.3d at 377 (quoting *Consol. Alumimum Corp. v. C.F. Bean Corp.*, 833 F.3d 65, 68 (5th Cir. 1987)).

Defendant Ingram, in arguments identical to Marquette, asserts there is no evidence that it was negligent.  However, as stated previously, Captain Hogan's

---

when asked if Plaintiff attempting to move the swivel winch by himself was a reasonable action, after seeing the other deckhand successfully move the other winch by himself, Captain Hogan responded, "Yes, it would." (D.E. 72-2, Page 24).

testimony regarding the status of swivel winches in the industry, their known hazards, and the condition of the winch in question establishes a material issue of fact as to whether Ingram violated its duty of reasonable care. (D.E. 72-2, Pages 7 and 23-25).

Further, Captain Hogan's testimony establishes a deck hand from the towing vessel is at some point going to be on a towed barge to make and break tow and the towed barge's winches are used to make and break tow. A defective or non-functioning winch could easily cause harm to the deckhand of the towing vessel. Captain Hogan's testimony provides some evidence that the very nature of swivel winches causes hazards that are not present with stationary winches and the industry is moving away from swivel winches due to their hazards. Plaintiff has produced evidence that creates an issue of material fact—whether Ingram knew or should have known the swivel winch on its barge was not working properly and advised Marquette.

Further, to the extent Ingram's motion for summary judgment, like Marquette's, suggests Plaintiff alone was responsible for his injury because he continued to push the swivel winch when it resisted, the undersigned finds the evidence discussed does not compel a finding that Plaintiff failed to exercise ordinary care for his own safety. *Gautreaux*, 107 F.3d at 335-39. As stated previously, Captain Hogan testified Plaintiff did not do anything wrong in attempting to swivel the winch and testified to the dangers of the swivel winches. (D.E. 72-2, Pages 7 and 23-25). Even if Plaintiff is ultimately determined to be partially responsible for his injuries, comparative negligence would apply. *Miles*, 882 F.2d at 984.

Accordingly, it is respectfully recommended that Ingram's motion for summary judgment be **DENIED**.

## V. RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends both Defendants' Motions for Summary Judgment (D.E. 64 and D.E. 65) be **DENIED**.

ORDERED this 26th day of April, 2016.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).