United States District Court
Southern District of Texas
**ENTERED**
May 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN BORDAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-163 |
| | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY GULF-INLAND LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S OPPOSED MOTION TO CONSOLIDATE

Pending is Plaintiff's Opposed Motion to Consolidate. (D.E. 85). The motion is **GRANTED** for the reasons set forth below.

### I. BACKGROUND

This is a maritime limitation of liability action previously consolidated with a maritime negligence and Jones Act action. (D.E. 18). John Bordas, a seaman allegedly injured on a vessel has been designated as the plaintiff. Marquette Transportation Company Gulf-Inland, L.L.C. ("Marquette") and the Ingram Barge Company ("Ingram") have been designated as the defendants. On January 12, 2016, Plaintiff sought leave to amend his complaint to add a maritime maintenance and cure cause of action. (D.E. 69). The motion to amend to add the maintenance and cure claim was denied. (D.E. 76). The case is set for trial before United States District Judge Nelva Gonzales Ramos on July 18, 2016. (D.E. 77).

On February 8, 2016, Plaintiff filed a separate cause of action against Marquette wherein he brings a claim for maritime maintenance and cure. *See Bordas v. Marquette Trans. Co. Gulf-Inland L.L.C.,* No. 2:16-cv-41 (S.D. Tex. filed Feb. 8, 2016). Plaintiff alleges the maintenance and cure action arises out of the same facts giving rise to the negligence cause of action. Plaintiff seeks to consolidate the cases for purposes of judicial economy. Defendants object to consolidation arguing the Defendants are ready for trial, the issues are not identical, and under maritime law and procedure the maintenance and cure claim will be decided by the Court as opposed to a jury. Defendants also assert that Plaintiff's injuries were pre-existing and were not disclosed to Defendant prior to the employment decision and further that Plaintiff has reached his maximum medical improvement ("MMI"). Defendants argue these matters will require the presentation of evidence that is largely unnecessary in the original action.

All of the pending causes of action have been referred to the undersigned United States Magistrate Judge for case management, ruling on non-dispositive motions and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

II. ANALYSIS

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation does not merge the suits into a single action or change the rights of the parties; rather, consolidation is "intended only as a procedural device used to promote judicial efficiency and economy"

and "the actions maintain their separate identities." *See Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1532 (5th Cir. 1993).

The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith,* 487 F.2d 571, 581 (5th Cir. 1973); *see also Luera v. M/V Alberta,* 635 F.3d 181, 194 (5th Cir. 2011). Factors for the court to consider in deciding if consolidation is appropriate include the following: "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, Civ. A. Nos. H–01–3624, H–04–0088, H–04–0087, H–03–5528, 2007 WL 446051, at *1 (S.D. Tex. Feb.7, 2007).

In the instant matter, the actions are pending before the same court. Plaintiff and Marquette are common parties. While not identical, the cases involve common questions of law and fact. Plaintiff alleges in both cases that his injuries occurred on June 17, 2012 in the course and scope of his employment with Marquette as a seaman on the tug M/V ST. JOSEPH. He further alleges the occurrence in question occurred on a barge owned by Ingram. While the legal issues may not be identical, these cases involve common questions of fact. The Fifth Circuit has recognized that maintenance and cure actions

may be joined with Jones Act claims. *See Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400-401 (5th Cir. 1979). Further, there is little risk of prejudice or confusion if the cases are consolidated. Finally, consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. When considering and denying Plaintiff's previously filed motion to amend, the undersigned was of the opinion that trying the causes of action separately was the most efficient way to proceed. The undersigned has reconsidered this analysis. The maintenance and cure action is now a live action requiring the time of the Court. The posture of the parties is such that settlement is unlikely. The discovery in both cases overlaps to a large degree and much of it has been completed. Trying both cases separately will result in the needless presentation of the same evidence in two trials. Therefore, the undersigned finds that the cases should be consolidated.

### III. CONCLUSION

Accordingly, Plaintiff's Opposed Motion to Consolidate (D.E. 85) is **GRANTED.** It is ORDERED that the Clerk shall consolidate Civil Action 2:16-cv-41 with 2:14-cv-163. The Clerk is ordered to administratively close Cause No. 2:16-cv-41. All future pleadings shall be filed in the older case, Cause No. 2:14-cv-163.

An amended scheduling order will be entered by separate order.

ORDERED this 9th day of May, 2016.

_____
Jason B. Libby
United States Magistrate Judge