United States District Court
Southern District of Texas
**ENTERED**
June 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN BORDAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-163 |
| | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY GULF-INLAND LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE**

**I.     BACKGROUND**

This case involves a maritime limitation of liability action consolidated with a maritime Jones Act action. (D.E. 18). John Bordas, a seaman allegedly injured on a vessel, has been designated as the Plaintiff. Marquette Transportation Company Gulf-Inland, L.L.C. ("Marquette"), Plaintiff's employer at the time of his injury, has been designated as a Defendant along with the Ingram Barge Company ("Ingram"), the owner of the barge upon which Plaintiff was injured. Plaintiff alleges a Jones Act (46 U.S.C. § 30104, et seq.) negligence claim against Marquette and a negligence action against Ingram. (D.E. 78). This case was referred to the undersigned United States Magistrate Judge for case management, ruling on non-dispositive motions and furnishing a recommendation on dispositive motions pursuant to 28 U.S.C. § 636.

Pending is Plaintiff's Motion to Exclude Evidence of Crimes and/or Irrelevant Conduct, specifically his 2007 felony conviction for injury to a child. (D.E. 90). For the reasons stated below, it is respectfully recommended that a decision on the admissibility of this evidence should be made at the time of trial and that Plaintiff's motion be **DENIED without prejudice**. It is further recommended the Court order the parties not to mention or offer evidence of Plaintiff's prior felony conviction in the presence of the jury without first obtaining a ruling from the Court on the admissibility of the evidence.

## II.  MOTION TO EXCLUDE EVIDENCE OF CRIMES AND/OR IRRELEVANT CONDUCT

### A.  Background

On March 1, 2007, Plaintiff pleaded no contest to injury to a child, a violation of Section 22.04 of the Texas Penal Code, a state jail felony. (D.E. 91-1, p. 3). In summary, the indictment alleges that on September 17, 2006, Plaintiff did recklessly cause bodily injury to a child 14 years of age or younger by striking the child with his hand. (D.E. 91-1, p. 1). Plaintiff was adjudicated guilty and was sentenced to one year confinement. (D.E. 91-1 Page 3). Defendants intend to impeach Plaintiff at trial by introducing evidence of this prior felony conviction pursuant to Rule 609(a)(1)(A). Plaintiff seeks a ruling in advance of trial to exclude evidence of the Plaintiff's conviction for injury to a child. Plaintiff seeks the pretrial exclusion of the impeachment evidence rather than a motion *in limine* to streamline the presentation of evidence at trial and to facilitate settlement negotiations. (D.E. 90, p. 4).

Marquette opposes Plaintiff's motion and argues the prior conviction is admissible for purposes of impeachment. (D.E. 91). The parties do not dispute the existence of the conviction or that it was a felony offense. The dispute appears to be whether the admission of Plaintiff's prior felony conviction is mandatory or whether it is subject to balancing under Rule 403 of the Federal Rules of Evidence. If the prior conviction is subject to 403 balancing, the parties dispute its admissibility.

### B. Legal Standard

Rule 609 of the Federal Rules of Evidence states that any criminal conviction punishable by death or imprisonment for more than one year "must be admitted [to attack a witness's character for truthfulness], subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609. Rule 403 requires the court to weigh the probative value of relevant evidence against the prejudice it causes. Fed. R. Evid. 403. If the evidence's probative value is "substantially outweighed" by the danger of prejudice, the court may exclude the evidence. *Id.*

### C. Analysis

Marquette argues under Rule 609(a)(1) felony convictions are always admissible to impeach a witness without being subject to the Rule 403 balancing test, citing *Coursey v. Broadhurst,* 888 F.2d 338, 342 (5th Cir. 1989). (D.E. 91, pp. 3-4). Marquette acknowledges that *Coursey* was decided before the 1990 Amendments to Rule 609 which sought to resolve any ambiguity as to the relationship of Rules 609 and 403 as to witnesses other than a criminal defendant. However, Marquette argues that opinions by the Fifth Circuit and District Courts continue to rely on *Coursey* for the proposition that

felony convictions of a witness in a civil case must be admitted for impeachment purposes. (D.E. pp. 3-4).[1]

None of the cases cited by Marquette specifically address or discuss the 1990 Amendment to Rule 609 or the commentary to the rule. Federal Rule of Evidence 609 was amended in 1990 to address the decision in *Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989). *See* Fed. R. Evid. 609, 1990 Advisory Committee Notes. In *Green*, the Court held that a trial judge is required to permit the impeachment of a witness in a civil case with evidence of a felony conviction with judges having no discretion to conduct balancing under Rule 403. *Green*, 490 U.S. at 527. Congress amended Rule 609 to include 403 balancing in Rule 609 and to overrule, in part, *Green*. *Clem v. Lomeli*, No. 2:05-cv-02129, 2007 WL 2688842, *1 (E.D. Cal. Sept. 13, 2007).

The Advisory Committee Notes to the 1990 Amendments provide, in part:

> . . . The amendment also protects other litigants from unfair impeachment of their witnesses . . . The amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant.

---

[1] *See Smith v. Tidewater Marine Towing, Inc.,* 927 F.2d 838, 840 (5th Cir. 1991) (". . .Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of unfair prejudice to the witness or the party offering the testimony."); *HSSM No. 7 Ltd. P'ship v. Bilzerian*, 988 F.2d 1209, 1993 WL 81964, at *1 (5th Cir. 1993) (not published) ("Under Fed. R. Evid. 609(a)(1), the district court must permit evidence of a prior felony conviction in a civil case, regardless of unfair prejudice."); *Simmons v. Kolodzik*, 251 F.3d 157, 2001 WL 300785, at *1 (5th Cir. 2001) (not published) ("Even if Simmons had not made the stipulation, he still could not show any error because his prior convictions were admissible under Federal Rule of Evidence 609(a)(1), regardless of any ensuant prejudice to him.").

> The amendment reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results.

Considering a plain reading of Rule 609(a), the Advisory Committee Notes and the authority cited by the parties, the undersigned believes the admissibility of Plaintiff's prior felony conviction for purposes of impeachment is subject to balancing under Rule 403 of the Federal Rules of Evidence.  However, it is premature for the Court to decide the admissibility or exclusion of Plaintiff's prior conviction at this time.  The trial court has broad discretion to admit or exclude evidence, "but competent evidence cannot be excluded without a sound and acceptable reason."  *Davidson Oil Country Supply Co. v. Klockner, Inc.*, 908 F.2d 1238, 1245 (5th Cir. 1990).  The undersigned recommends a decision on the admissibility of Plaintiff's prior felony conviction be deferred until trial when the Court will have considered the course of the trial, the presentation of the evidence, the importance of the disputed evidence, the credibility of the witness and other considerations which cannot be predicted at this time.  While Plaintiff has moved to exclude the disputed evidence before trial, the undersigned recommends the Court resolve the issue at the current time as it would a more traditional motion *in limine* by instructing the parties not to mention or offer evidence of Plaintiff's prior conviction in front of the jury without first obtaining a ruling from the Court.

### III.  CONCLUSION

The undersigned respectfully recommends Plaintiff's Motion to Exclude Evidence of Crimes and/or Irrelevant Conduct (D.E. 90) be **DENIED without prejudice**.  It is

further recommended the Court order the parties not to mention or offer evidence of Plaintiff's prior felony conviction in the presence of the jury without first requesting a ruling from the Court on the admissibility of the evidence.

    Respectfully submitted this 24th day of June, 2016.

                                                   Jason B. Libby
                                       United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).